ROBERT W. BRUNNER (*Pro Hac Vice*)
BOLLINGER RUBERRY & GARVEY
500 W. Madison Street, Suite 2300
Chicago, Illinois 60661
Telephone:   (312) 466-8000
Facsimile:   (312) 466-8001

REGAN FURCOLO
WALSH & FURCOLO
750 B Street, Suite 2740
San Diego, California 92101
Telephone:  (619) 232-8486
Facsimile:  (619) 232-2691

Attorneys for Plaintiff AMERICAN PROTECTION INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN PROTECTION INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>OTAY WATER DISTRICT,<br><br>          Defendant. | Case No.   08-CV-0662-JM-POR<br><br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM** |

Plaintiff, American Protection Insurance Company ("APIC" or "Plaintiff"), by and through its undersigned counsel, and for its Answer to the Counterclaim brought by Defendant/Counter-Claimant Otay Water District (the "Counterclaim") states as follows:

### NATURE OF DISPUTE

84.     Plaintiff denies the allegations in paragraph 84.

### PARTIES

85.     Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 85, and basing its denial on this ground, denies each allegation therein.

86.     Plaintiff denies the allegations in paragraph 86.

**JURISDICTION AND VENUE**

87.     Plaintiff admits the allegations in paragraph 87.

88.     Plaintiff admits the allegations in paragraph 88.

89.     Plaintiff denies the allegations in paragraph 89.

90.     Plaintiff admits the allegations in paragraph 90.

91.     Plaintiff admits the allegations in paragraph 91.

**THE POLICY**

92.     Plaintiff admits that American Protection Insurance Company issued Policy No. 3QX 113478 00 to the Otay Water District (the "APIC Policy"), and denies any allegations in paragraph 92 that are inconsistent with the terms and conditions of the APIC Policy.

93.     Plaintiff denies the allegations in paragraph 93.

94.     Plaintiff states that the terms and conditions of Policy No. 3QX 113478 00 speak for themselves, and denies any allegations in paragraph 94 that are inconsistent with the terms and conditions of Policy No. 3QX 113478 00.

95.     Plaintiff states that the terms and conditions of Policy No. 3QX 113478 00 speak for themselves, and denies any allegations in paragraph 95 that are inconsistent with the terms and conditions of Policy No. 3QX 113478 00.

96.     Plaintiff states that the terms and conditions of Policy No. 3QX 113478 00 speak for themselves, and denies any allegations in paragraph 96 that are inconsistent with the terms and conditions of Policy No. 3QX 113478 00.

97.     Plaintiff states that the terms and conditions of Policy No. 3QX 113478 00 speak for themselves, and denies any allegations in paragraph 97 that are inconsistent with the terms and conditions of Policy No. 3QX 113478 00.

98.    Plaintiff states that the terms and conditions of Policy No. 3QX 113478 00 speak for themselves, and denies any allegations in paragraph 98 that are inconsistent with the terms and conditions of Policy No. 3QX 113478 00.

99.    Plaintiff states that the terms and conditions of Policy No. 3QX 113478 00 speak for themselves, and denies any allegations in paragraph 99 that are inconsistent with the terms and conditions of Policy No. 3QX 113478 00.

100.    Plaintiff states that the terms and conditions of Policy No. 3QX 113478 00 speak for themselves, and denies any allegations in paragraph 100 that are inconsistent with the terms and conditions of Policy No. 3QX 113478 00.

101.    Plaintiff states that the terms and conditions of Policy No. 3QX 113478 00 speak for themselves, and denies any allegations in paragraph 101 that are inconsistent with the terms and conditions of Policy No. 3QX 113478 00.

102.    Plaintiff denies the allegations in paragraph 102.

103.    Plaintiff denies the allegations in paragraph 103.

## THE *HARRON* CLAIM

104.    Objection.   The meaning of "claim" is vague and susceptible to more than one meaning. Without waiving said objection, Plaintiff states that the allegations asserted in the pre-suit claim made by Harron speak for themselves.  Plaintiff denies any allegations in paragraph 104 that are inconsistent with the allegations asserted in the pre-suit claim made by Harron.

105.    Plaintiff denies the allegations in paragraph 105.

106.    Plaintiff states that the allegations and claims asserted in the Harron complaint speak for themselves, and denies any allegations in paragraph 106 that are inconsistent with the allegations asserted in the Harron complaint.

107.    Plaintiff states that the coverage owed the defendants named in the Harron complaint

are based on the terms and conditions of Policy No. 3QX 113478 00, and denies any allegations in paragraph 107 that are inconsistent with those terms and conditions, and the potential coverage owed the defendants named in the Harron complaint.

108.    Objection.    The meaning of "those insureds" is vague.    Without waiving said objection, Plaintiff states that the coverage owed the defendants named in the Harron complaint are based on the terms and conditions of Policy No. 3QX 113478 00, and that APIC's duty to defend is based on those terms and conditions.

109.    Objection. The meaning of "Mr. Harron's claim" is vague and susceptible to more than one meaning.    Without waiving said objection, Plaintiff admits that it agreed to provide a defense to the District and the co-defendant directors subject to a reservation of rights under Policy No. 3QX 113478 00, and denies any allegations in paragraph 109 that are inconsistent with the defense afforded pursuant to that reservation of rights.

110.    Objection. The meaning of "its insureds" is vague. Without waiving said objection, Plaintiff admits the allegations in paragraph 110.

111.    Plaintiff denies the allegations in paragraph 111.

112.    Plaintiff admits that it agreed to provide a defense to Mr. Bonilla subject to a reservation of rights under Policy No. 3QX 113478 00, and denies any allegations in paragraph 112 that are inconsistent with the defense afforded pursuant to that reservation of rights.

113.    Plaintiff denies the allegations in paragraph 113.

114.    Plaintiff denies the allegations in paragraph 114.

115.    Objection. The meaning of "its co-defendant insureds" is vague. Without waiving said objection, Plaintiff admits the allegations in paragraph 115.

116.    Plaintiff denies the allegations in paragraph 116.

117.    Plaintiff denies the allegations in paragraph 117.

118.    Plaintiff denies the allegations in paragraph 118.

119.    Plaintiff denies the allegations in paragraph 119.

120.    Plaintiff denies the allegations in paragraph 120.  In further responding, APIC has paid many invoices submitted to APIC, and, with regard to those invoices that APIC has not paid, APIC has requested additional information from the District.

121.    Plaintiff admits that it received a letter from the District's counsel dated January 18, 2005, but denies that the allegations in paragraph 121 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.

122.    Plaintiff admits that a copy of the January 18, 2005 letter is attached as Exhibit 2, but denies that the allegations in paragraph 121 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.

123.    Plaintiff admits that it received the January 18, 2005 letter, but denies that the allegations in paragraph 121 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.

124.    Plaintiff denies the allegations in paragraph 124.

125.    Plaintiff admits that it received a letter from the District's counsel dated January 8, 2007, but denies that the allegations in paragraph 125 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.

126.    Plaintiff admits that a copy of the January 8, 2007 letter is attached as Exhibit 3, but denies that the allegations in paragraph 125 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.

127.    Plaintiff admits that it received the January 8, 2007 letter, but denies that the allegations in paragraph 125 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.

128.    Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 128, and basing its denial on this ground, denies each allegation therein.

129.    Plaintiff denies the allegations in paragraph 129.

130.    Plaintiff admits that it received a letter from the District's counsel dated April 3, 2007, but denies that the allegations in paragraph 130 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.

131.    Plaintiff admits that a copy of the April 3, 2007 letter is attached as Exhibit 4, but denies that the allegations in paragraph 130 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.

132.    Plaintiff admits that it received the April 3, 2007 letter, but denies that the allegations in paragraph 130 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.

133.    Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 133, and basing its denial on this ground, denies each allegation therein.

134.    Plaintiff denies the allegations in paragraph 134.

135.    Plaintiff admits that a copy of a letter dated April 30, 2007 letter is attached as Exhibit 5, but denies that the allegations in paragraph 134 provide a complete and accurate description of the contents of the April 30, 2007 letter nor the enclosures that accompanied the letter.

136.    Plaintiff admits that it received a letter from the District's counsel dated April 30, 2007, but denies that the allegations in paragraph 134 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.

137.    Plaintiff admits that it received a letter from the District's counsel dated April 30, 2007, but denies that the allegations in paragraph 134 provide a complete and accurate description

of the contents of that letter nor the enclosures that accompanied the letter.

138.   Plaintiff denies the allegations in paragraph 138.

139.   Plaintiff denies the allegations in paragraph 139.

140.   Plaintiff denies the allegations in paragraph 140.

141.   Plaintiff admits that it received a letter from the District's counsel dated July 10, 2007, but denies that the allegations in paragraph 141 provide a complete description of the contents of that letter.

142.   Plaintiff admits that it received a letter from the District's counsel dated July 10, 2007, but denies that the allegations in paragraphs 141 and 142 provide a complete description of the contents of that letter.

143.   Plaintiff admits that a copy of the letter from the District's counsel dated July 10, 2007 is attached as Exhibit 6, but denies that the allegations in paragraphs 141 and 142 provide a complete and accurate description of the contents of that letter.

144.   Plaintiff admits that it received a letter from the District's counsel dated July 10, 2007, but denies that the allegations in paragraphs 141 and 142 provide a complete description of the contents of that letter.

145.   Plaintiff denies the allegations in paragraph 145.

146.   Plaintiff denies the allegations in paragraph 146.

147.   Plaintiff denies the allegations in paragraph 147.

148.   Plaintiff denies the allegations in paragraph 148.

149.   Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 149, and basing its denial on this ground, denies each allegation therein.

150.   Plaintiff admits that it received a letter from the District's counsel dated February 12, 2008, but denies that the allegations in paragraph 150 provide a complete description of the

contents of that letter nor the enclosures that accompanied the letter.

151.    Plaintiff admits that a copy of the February 12, 2008 letter is attached as Exhibit 7, but denies that the allegations in paragraph 150 provide a complete description of the contents of that letter nor the enclosures that accompanied the letter.

152.    Plaintiff admits that it received the February 12, 2008 letter, but denies that the allegations in paragraph 150 provide a complete description of the contents of that letter nor the enclosures that accompanied the letter.

153.    Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 153, and basing its denial on this ground, denies each allegation therein.

154.    Plaintiff admits that it sent a letter to the District on April 24, 2008, but denies that the allegations in paragraph 154 provide a complete and accurate description of the contents of that letter.

155.    Plaintiff denies the allegations in paragraph 155.

156.    Plaintiff admits that a copy of the April 24, 2008 letter is attached as Exhibit 8, but denies that the allegations in paragraphs 154 and 155 provide a complete and accurate description of the contents of that letter.

157.    Plaintiff admits that it received a response to its April 24, 2008 letter to the District, but denies that the allegations in paragraph 157 provide a complete description of the contents of that response, or the contents of the April 24, 2008 letter.

158.    Plaintiff admits that a copy of a letter from Mr. Carlton is attached as Exhibit 9, but denies that the allegations in paragraph 157 provide a complete description of the contents of that letter.

159.    Plaintiff admits that it received the letter attached as Exhibit 9, but denies that the allegations in paragraph 158 provide a complete and accurate description of the contents of that

1   letter.

2      160.   Plaintiff denies the allegations in paragraph 160.

3                           **THE *BARTLETT-MAY* CLAIM**

4
5      161.   Plaintiff admits the allegations in paragraph 161.

6      162.   Plaintiff admits that it agreed to defend the District pursuant to a reservation of

7   rights, and denies any allegations in paragraph 162 that are inconsistent with the defense afforded

8   the District pursuant to that reservation of rights.

9      163.   Plaintiff admits the allegations in paragraph 163.

10      164.   Plaintiff states that the allegations and claims asserted in the Bartlett-May federal

11
12   complaint speak for themselves, and denies any allegations in paragraph 164 that are inconsistent

13   with the allegations asserted in the Bartlett-May federal complaint.

14      165.   Plaintiff admits the allegations in paragraph 165.

15      166.   Objection.  The meaning of "its insured directors and/or employees" is vague.

16   Without waiving said objection, the coverage owed the defendants named in the Bartlett-May

17
18   federal complaint are based on the terms and conditions of Policy No. 3QX 113478 00, and denies

19   any allegations in paragraph 166 that are inconsistent with those terms and conditions.

20      167.   Objection.  The meaning of "such insureds" is vague.  Without waiving said

21   objection, Plaintiff states that the coverage owed the defendants named in the Bartlett-May federal

22   complaint are based on the terms and conditions of Policy No. 3QX 113478 00, and that APIC's

23   duty to defend is based on those terms and conditions.

24      168.   Plaintiff admits that it agreed to defend the District and the co-defendant directors

25
26   pursuant to a reservation of rights, and denies any allegations in paragraph 168 that are inconsistent

27   with the defense afforded pursuant to that reservation of rights.

28      169.   Plaintiff denies the allegations in paragraph 169.

170.    Plaintiff admits that it agreed to defend the District and the co-defendant directors pursuant to a reservation of rights, and denies any allegations in paragraph 170 that are inconsistent with the defense afforded pursuant to that reservation of rights.

171.    Plaintiff denies the allegations in paragraph 171.

172.    Plaintiff admits that the Bartlett-May federal complaint was dismissed and that a similar lawsuit was filed in California state court.  Plaintiff further states that the allegations and claims asserted in the Bartlett-May state court complaint speak for themselves, and denies any allegations in paragraph 172 that are inconsistent with the allegations asserted in the Bartlett-May state court complaint.

173.    Plaintiff admits that the allegations and claims asserted in the Bartlett-May state court complaint speak for themselves, and denies any allegations in paragraph 173 that are inconsistent with the allegations asserted in the Bartlett-May state court complaint.

174.    Objection.  The meaning of "insured directors and/or employees" is vague.  Without waiving said objection, the potential coverage owed the defendants named in the Bartlett-May state court complaint are based on the terms and conditions of Policy No. 3QX 113478 00.

175.    Objection.  The meaning of "such insureds" is vague.  Without waiving said objection, Plaintiff states that the potential coverage owed the defendants named in the Bartlett-May federal complaint are based on the terms and conditions of Policy No. 3QX 113478 00, and that APIC's duty to defend is based on those terms and conditions.

176.    Plaintiff admits that it agreed to defend the defendants named in the Barltett-May state court complaint pursuant to a reservation of rights, and denies any allegations in paragraph 176 that are inconsistent with the defense afforded pursuant to that reservation of rights.

177.    Plaintiff admits that it agreed to defend the defendants named in the Barltett-May state court complaint pursuant to a reservation of rights, and denies any allegations in paragraph 177

that are inconsistent with the defense afforded pursuant to that reservation of rights.

178.    Objection.  The meaning of "co-defendant insureds" is vague.  Without waiving said objection, Plaintiff admits the allegations in paragraph 178.

179.    Plaintiff denies the allegations in paragraph 179.

180.    Plaintiff denies the allegations in paragraph 180.

181.    Plaintiff denies the allegations in paragraph 181.

182.    Plaintiff denies the allegations in paragraph 182.

183.    Plaintiff denies the allegations in paragraph 183.

184.    Plaintiff denies the allegations in paragraph 184.

185.    Plaintiff denies the allegations in paragraph 185.

186.    Plaintiff denies the allegations in paragraph 186.

187.    Plaintiff denies the allegations in paragraph 187.

188.    Plaintiff denies the allegations in paragraph 188.

189.    Plaintiff denies the allegations in paragraph 189.

190.    Plaintiff denies the allegations in paragraph 190.

191.    Plaintiff denies the allegations in paragraph 191.

192.    Plaintiff denies the allegations in paragraph 192.

193.    Plaintiff admits the allegations in paragraph 193.

194.    Plaintiff admits the allegations in paragraph 194.

195.    Plaintiff admits the allegations in paragraph 195.

196.    Plaintiff denies the allegations in paragraph 196.

### THE *DASARRO* CLAIM

197.    Plaintiff admits the allegations in paragraph 197.

198.    Plaintiff denies the allegations in paragraph 198.

199.    Plaintiff states that the allegations and claims asserted in the Dasarro complaint speak for themselves, and denies any allegations in paragraph 199 that are inconsistent with the allegations asserted in the Dasarro complaint.    In further responding, any coverage owed the defendants named in the Dasarro complaint are based on the terms and conditions of Policy No. 3QX 113478 00.

200.    Plaintiff states that any coverage owed Mr. Bonilla is based on the terms and conditions of Policy No. 3QX 113478 00, and any potential coverage owed for the claims asserted against Mr. Bonilla in the Dasarro complaint is based on the terms and conditions of Policy No. 3QX 113478 00.

201.    Plaintiff states that any coverage owed Mr. Griego is based on the terms and conditions of Policy No. 3QX 113478 00, and any potential coverage owed for the claims asserted against Mr. Griego in the Dasarro complaint is based on the terms and conditions of Policy No. 3QX 113478 00.

202.    Plaintiff states that any coverage owed for the claims asserted in the Dasarro complaint are based on the terms and conditions of Policy No. 3QX 113478 00.

203.    Plaintiff states that any coverage owed the defendants named in the Dasarro complaint are based on the terms and conditions of Policy No. 3QX 113478 00, and that any duty to defend is based on the terms and conditions of Policy No. 3QX 113478 00.

204.    Objection.    The allegations in paragraph 204 contain legal conclusions concerning the agency of Sierra West Adjusters, and therefore Plaintiff makes no response to the same. Without waiving said objection, Plaintiff denies the allegations in paragraph 204.

205.    Plaintiff denies the allegations in paragraph 205.

206.    Plaintiff denies the allegations in paragraph 206.

207.    Plaintiff denies the allegations in paragraph 207.

208.  Plaintiff denies the allegations in paragraph 208.

209.  Plaintiff denies the allegations in paragraph 209.

210.  Objection.  The meaning of "successfully defended" is vague and susceptible to more than one meaning.  Without waiving said objection, Plaintiff admits the allegations in paragraph 210.

211.  Plaintiff denies the allegations in paragraph 211.

212.  Plaintiff admits that it received a letter from the District's counsel dated January 18, 2005, but denies that the allegations in paragraph 212 provide a complete and accurate description of the contents of that letter nor the enclosures that accompanied the letter.  In further responding, Plaintiff denies the remaining allegations in paragraph 212.

213.  Plaintiff denies the allegations in paragraph 213.

### THE *AUBREY* CLAIM

214.  Plaintiff admits the allegations in paragraph 214.

215.  Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 215 concerning the District's communications with the Swanson Insurance Agency, and basing its denial on this ground, denies those allegations.  In further responding, Plaintiff denies the remaining allegations in paragraph 215.

216.  Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 216, and basing its denial on this ground, denies each allegation therein.

217.  Plaintiff denies the allegations in paragraph 217.

218.  Plaintiff denies the allegations in paragraph 213.

219.  Plaintiff denies the allegations in paragraph 219.

220.  Plaintiff denies the allegations in paragraph 220.

221.  Plaintiff states that the allegations and claims asserted in the Aubrey complaint speak

1  for themselves, and denies any allegations in paragraph 221 that are inconsistent with the

2  allegations asserted in the Aubrey complaint.

3      222.   Plaintiff states that any coverage owed for the Aubrey complaint is based on the

4  terms and conditions of Policy No. 3QX 113478 00, and denies any allegations in paragraph 222

5

6  that are inconsistent with those terms and conditions. In further responding, Plaintiff states that the

7  APIC Policy provides no coverage for the claims asserted in the Aubrey complaint based on the

8  District's failure to comply with the APIC Policy and provide immediate notice to Plaintiff of the

9  Aubrey complaint.

10     223.   Plaintiff states that any coverage owed for the Aubrey complaint is based on the

11  terms and conditions of Policy No. 3QX 113478 00, and denies any allegations in paragraph 223

12

13  that are inconsistent with those terms and conditions. In further responding, Plaintiff states that the

14  APIC Policy provides no coverage for the claims asserted in the Aubrey complaint based on the

15  District's failure to comply with the APIC Policy and provide immediate notice to Plaintiff of the

16  Aubrey complaint.

17     224.   Plaintiff lacks sufficient knowledge or information to answer the allegations in

18
    paragraph 224, and basing its denial on this ground, denies each allegation therein.
19

20     225.   Plaintiff lacks sufficient knowledge or information to answer the allegations in

21  paragraph 225, and basing its denial on this ground, denies each allegation therein.

22     226.   Plaintiff lacks sufficient knowledge or information to answer the allegations in

23  paragraph 226, and basing its denial on this ground, denies each allegation therein.

24
       227.   Plaintiff denies the allegations in paragraph 227.
25

26     228.   Plaintiff denies the allegations in paragraph 228.

27     229.   Objection. The allegations in paragraph 229 contain legal conclusions, and therefore

28  Plaintiff makes no response to the same. Without waiving said objection, Plaintiff denies the

allegations in paragraph 229.

230.    Objection.  The allegations in paragraph 230 contain legal conclusions, and therefore Plaintiff makes no response to the same.   Without waiving said objection, Plaintiff denies the allegations in paragraph 230.

231.    Plaintiff denies the allegations in paragraph 231.

232.    Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 232, and basing its denial on this ground, denies those allegations.

233.    Plaintiff denies the allegations in paragraph 233.

234.    Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 234, and basing its denial on this ground, denies each allegation therein.

235.    Plaintiff denies the allegations in paragraph 235.

236.    Plaintiff states that any coverage owed for the Aubrey complaint is based on the terms and conditions of Policy No. 3QX 113478 00, and denies any allegations in paragraph 236 that are inconsistent with those terms and conditions.  In further responding, Plaintiff states that the APIC Policy provides no coverage for the claims asserted in the Aubrey complaint based on the District's failure to comply with the APIC Policy and provide immediate notice to Plaintiff of the Aubrey complaint.

237.    Plaintiff states that any coverage owed for the Aubrey complaint is based on the terms and conditions of Policy No. 3QX 113478 00, and denies any allegations in paragraph 237 that are inconsistent with those terms and conditions.  In further responding, Plaintiff states that the APIC Policy provides no coverage for the claims asserted in the Aubrey complaint based on the District's failure to comply with the APIC Policy and provide immediate notice to Plaintiff of the Aubrey complaint.

238.    Plaintiff states that any coverage owed for the Aubrey complaint is based on the

terms and conditions of Policy No. 3QX 113478 00, and denies any allegations in paragraph 238 that are inconsistent with those terms and conditions. In further responding, Plaintiff states that the APIC Policy provides no coverage for the claims asserted in the Aubrey complaint based on the District's failure to comply with the APIC Policy and provide immediate notice to Plaintiff of the Aubrey complaint.

239.    Plaintiff states that any coverage owed for the Aubrey complaint is based on the terms and conditions of Policy No. 3QX 113478 00, and denies any allegations in paragraph 239 that are inconsistent with those terms and conditions. In further responding, Plaintiff states that the APIC Policy provides no coverage for the claims asserted in the Aubrey complaint based on the District's failure to comply with the APIC Policy and provide immediate notice to Plaintiff of the Aubrey complaint.

240.    Plaintiff states that any coverage owed for the Aubrey complaint is based on the terms and conditions of Policy No. 3QX 113478 00, and denies any allegations in paragraph 240 that are inconsistent with those terms and conditions. In further responding, Plaintiff states that the APIC Policy provides no coverage for the claims asserted in the Aubrey complaint based on the District's failure to comply with the APIC Policy and provide immediate notice to Plaintiff of the Aubrey complaint.

241.    Plaintiff denies the allegations in paragraph 241.

242.    Plaintiff denies the allegations in paragraph 242.

243.    Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 243, and basing its denial on this ground, denies each allegation therein.

244.    Plaintiff admits the allegations in paragraph 244.

245.    Plaintiff admits the allegations in paragraph 245.

246.    Plaintiff admits the allegations in paragraph 246.

247.    Plaintiff admits the allegations in paragraph 247.  In further responding, Plaintiff states that Plaintiff's counsel, Mr. Brunner, first requested a copy of the Aubrey settlement agreement and further information about the Aubrey case prior to November 2007.

248.    Plaintiff denies the allegations in paragraph 248.

249.    Plaintiff admits the allegations in paragraph 249.

250.    Plaintiff admits the allegations in paragraph 250.

251.    Plaintiff admits the allegations in paragraph 251.

252.    Plaintiff admits that its counsel sent a letter to the District on April 4, 2008, but denies the remaining allegations in paragraph 252.

253.    Plaintiff admits that its counsel sent a letter to the District on April 4, 2008, but denies the remaining allegations in paragraph 253.

254.    Plaintiff denies the allegations in paragraph 254.

255.    Objection.   The allegations in paragraph 255 are vague and unclear.   Without waiving said objection, Plaintiff denies the allegations in paragraph 255.

256.    Plaintiff denies the allegations in paragraph 256.

257.    Plaintiff denies the allegations in paragraph 257.

258.    Plaintiff denies the allegations in paragraph 258.

259.    Plaintiff denies the allegations in paragraph 259.

260.    Plaintiff denies the allegations in paragraph 260.

## THE DISTRICT HIRES COVERAGE COUNSEL

261.    Plaintiff denies the allegations in paragraph 261.

262.    Plaintiff denies the allegations in paragraph 262.

263.    Plaintiff admits the allegations in paragraph 263.

264.    Plaintiff admits the allegations in paragraph 264.

265.   Plaintiff admits the allegations in paragraph 265.

266.   Plaintiff denies the allegations in paragraph 266.

267.   Plaintiff denies the allegations in paragraph 267.

268.   Plaintiff lacks sufficient knowledge or information to answer the allegations in paragraph 268, and basing its denial on this ground, denies each allegation therein.

269.   Objection.  The meaning of the "letter" is unclear and susceptible to more than one meaning.  Without waiving said objection, Plaintiff admits the allegations in paragraph 269.

270.   Plaintiff admits the allegations in paragraph 270.

271.   Plaintiff admits the allegations in paragraph 271.

272.   Plaintiff states that the contents of the letters referenced in paragraph 272 speak for themselves, and expressly denies any allegations in paragraph 272 that are inconsistent with the contents of those letters.

273.   Plaintiff denies the allegations in paragraph 273.

274.   Plaintiff admits that a copy of a July 17, 2007 letter from Plaintiff's counsel is attached as Exhibit 16, but denies that the allegations in paragraph 273 provide a complete and accurate description of the contents of that letter.

275.   Plaintiff denies the allegations in paragraph 275.

276.   Plaintiff denies the allegations in paragraph 276.

277.   Plaintiff denies the allegations in paragraph 277.

278.   Objection.  The meaning of "final letter" is vague and unclear.  Without waiving said objection, Plaintiff states that the contents of the July 29, 2008 letter referenced in paragraph 278 speak for themselves, and denies any allegations in paragraph 278 that are inconsistent with the contents of that letter.

279.   Plaintiff denies the allegations in paragraph 279.

280.    Plaintiff admits that Exhibit 17 contains a copy of a July 29, 2008 letter, but denies the allegations concerning the contents of that letter.

281.    Plaintiff admits that it received a copy of the letter that is attached as Exhibit 17, but denies the allegations concerning the contents of that letter.

282.    Plaintiff denies the allegations in paragraph 282.

283.    Plaintiff denies the allegations in paragraph 283.

284.    Plaintiff denies the allegations in paragraph 284.

285.    Plaintiff denies the allegations in paragraph 285.

286.    Plaintiff denies the allegations in paragraph 286.

287.    Plaintiff denies the allegations in paragraph 287.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Breach of Contract – Harron Action)

288.    Plaintiff incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 - 287 of its Answer to the Counterclaim.

289.    Plaintiff states that the duties owed under Policy No. 3QX 113478 00 are based on the terms and conditions of said Policy, and denies any allegations in paragraph 289 that are inconsistent with the duties set forth under Policy No. 3QX 113478 00.  In further responding, Plaintiff states that it did not breach any duties owed the District under Policy No. 3QX 113478 00 with regard to the claims and lawsuits referenced in the Counterclaim.

290.    Plaintiff denies the allegations in paragraph 290.

291.    Plaintiff denies the allegations in paragraph 291.

292.    Plaintiff denies the allegations in paragraph 292.

## SECOND CAUSE OF ACTION

### (Breach of Contract – Bartlett-May Action)

293.    Plaintiff incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 - 292 of its Answer to the Counterclaim.

294.    Plaintiff states that the duties owed under Policy No. 3QX 113478 00 are based on the terms and conditions of said Policy, and denies any allegations in paragraph 294 that are inconsistent with the duties set forth under Policy No. 3QX 113478 00.  In further responding, Plaintiff states that it did not breach any duties owed the District under Policy No. 3QX 113478 00 with regard to the claims and lawsuits referenced in the Counterclaim.

295.    Plaintiff denies the allegations in paragraph 295.

296.    Plaintiff denies the allegations in paragraph 296.

297.    Plaintiff denies the allegations in paragraph 297.

## THIRD CAUSE OF ACTION

### (Breach of Contract – Aubrey Action)

298.    Plaintiff incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 - 297 of its Answer to the Counterclaim.

299.    Plaintiff states that the duties owed under Policy No. 3QX 113478 00 are based on the terms and conditions of said Policy, and denies any allegations in paragraph 299 that are inconsistent with the duties set forth under Policy No. 3QX 113478 00.  In further responding, Plaintiff states that it did not breach any duties owed the District under Policy No. 3QX 113478 00 with regard to the claims and lawsuits referenced in the Counterclaim.

300.    Plaintiff denies the allegations in paragraph 300.

301.    Plaintiff denies the allegations in paragraph 301.

302.    Plaintiff denies the allegations in paragraph 302.

303.   Plaintiff denies the allegations in paragraph 303.

## FOURTH CAUSE OF ACTION

### (Breach of Contract –Dassaro Action)

304.   Plaintiff incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 - 303 of its Answer to the Counterclaim.

305.   Plaintiff states that the duties owed under Policy No. 3QX 113478 00 are based on the terms and conditions of said Policy, and denies any allegations in paragraph 305 that are inconsistent with the duties set forth under Policy No. 3QX 113478 00.  In further responding, Plaintiff states that it did not breach any duties owed the District under Policy No. 3QX 113478 00 with regard to the claims and lawsuits referenced in the Counterclaim.

306.   Plaintiff denies the allegations in paragraph 307.

307.   Plaintiff denies the allegations in paragraph 308.

308.   Plaintiff denies the allegations in paragraph 309.

## FIFTH CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

309.   Plaintiff incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 - 308 of its Answer to the Counterclaim.

310.   Objection.  The allegations in paragraph 310 contain legal conclusions, and therefore Plaintiff makes no response to same.  Without waiving said objection, Plaintiff states that the duties owed under Policy No. 3QX 113478 00 are based on the terms and conditions of said Policy, and denies any allegations in paragraph 310 that are inconsistent with the duties set forth under Policy No. 3QX 113478 00.  In further responding, Plaintiff states that it did not breach any duties owed the District under Policy No. 3QX 113478 00 with regard to the claims and lawsuits referenced in the Counterclaim.

311.    Objection.  The allegations in paragraph 311 contain legal conclusions, and therefore Plaintiff makes no response to same.  Without waiving said objection, Plaintiff states that it has complied at all times with the duties imposed under Policy No. 3QX 113478 00 with regard to the claims and lawsuits referenced in the Counterclaim, and denies any allegations in paragraph 311 that are inconsistent with Plaintiff's compliance with those duties. In further responding, Plaintiff states that it has complied with all aspects of California law with regard to its handling of the claims and lawsuits referenced in the Counterclaim, and denies any allegations in paragraph 311 that are inconsistent with Plaintiff's compliance with those laws.

312.    Plaintiff denies the allegations in paragraph 312.

313.    Plaintiff denies the allegations in paragraph 313.

314.    Plaintiff denies the allegations in paragraph 314.

315.    Plaintiff denies the allegations in paragraph 315.

316.    Plaintiff denies the allegations in paragraph 316.

317.    Plaintiff denies the allegations in paragraph 317.

318.    Plaintiff denies the allegations in paragraph 318.

319.    Plaintiff denies the allegations in paragraph 319.

320.    Plaintiff denies the allegations in paragraph 320.

321.    Plaintiff denies the allegations in paragraph 321.

322.    Plaintiff denies the allegations in paragraph 322.

323.    Plaintiff denies the allegations in paragraph 323.

324.    Plaintiff denies the allegations in paragraph 324.

325.    Plaintiff denies the allegations in paragraph 325.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRAYER FOR RELIEF

## FOR THE FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION

WHEREFORE, Plaintiff/Counter-Defendant, American Protection Insurance Company, denies that the Defendant/Counter-Claimant, Otay Water District, is entitled to any of the relief sought in the First, Second, Third and Fourth Causes of Action of the Counterclaim.

## PRAYER FOR RELIEF

## FOR THE FIFTH CAUSE OF ACTION

WHEREFORE, Plaintiff/Counter-Defendant, American Protection Insurance Company, denies that the Defendant/Counter-Claimant, Otay Water District, is entitled to any of the relief sought in the Fifth Cause of Action of the Counterclaim.


Dated: September 5, 2008          Respectfully submitted,



By ___/s/ Regan Furcolo_____
      Regan Furcolo
      Attorneys for Plaintiff
      AMERICAN PROTECTION INS. CO.



By ___/s/ Robert Brunner_____
      Robert W. Brunner
      Attorneys for Plaintiff
      AMERICAN PROTECTION INS. CO.